### TURCAS vs. ROGERS.

APPEAL from the court of the first district.

This was an action instituted by the endorsee of a promissory note for $800, against the

A bail bond given by a person held to bail, on an affidavit, in which there are some inac-

East'n District.
June, 1824.

TURCAS
vs.
ROGERS.

curacies will
not be set aside,
if the affidavit is
otherwise suffi-
ciently certain
and explicit.

maker. The defendant was held to bail, on an affidavit, annexed to the petition and contained in the following words: " Personally " appeared before me the foregoing petitioner, " Antoine Turcas, who being sworn, deposeth " and saith, that the sum of $800 as mention- ' ed in the above petition, is justly and really " due to him the said *Francois* Turcas, by the " said John Rogers." This affidavit having been signed by the petitioner, and sworn to before the deputy clerk of the court, the defendant regularly gave bail—a motion was subsequently made to avoid the bail bond, on the ground of the irregularity of the affidavit; this motion was resisted on the part of the plaintiff, on the authority principally of the case of *Etzberger* vs. *Menard.* 11 *Martin*, 434. The court having decided this point against the plaintiff, and also having rendered a judgment on the merits of the case against him, he appealed from its decision.

MATHEWS, J. delivered the opinion of the court. This is a suit by the holder of a promissory note, negotiable in form, but which was not transfered until after it became due. The defendant, in his answer, claimed a right to use all means of defence against the endorsee,

which by law and equity he could plead
against the original payee ; on the ground of
the note not having been indorsed till after it
was payable.   He pleaded a want of considera-
tion for his promise, and judgment having
been rendered in his favor, the plaintiff ap-
pealed.

An order for bail appears on the record ;
and a bond taken in pursuance thereof, which
were subsequently set aside and cancelled by a
decision of the court below, on the ground of
insufficiency or uncertainty in the affidavit by
which the bail was required.    There is also
found on record a bill of exceptions to the
opinion of the judge *a quo*, in allowing Segard
the endorser of the note, to be sworn as a wit-
ness for the defendant.    But as the plaintiff
has abandoned his exception before this court,
and claims the benefit of the testimony of the
witness, we will proceed to examine the case
on the whole evidence adduced, as it appears
on the record.

The proof is somewhat various and contra-
dictory, as to the consideration on which the
note was given to the payee.   He states that
it was for money lent, which was also secured
by a note of Samuel C. Young, endorsed by

TURCAS
vs.
ROGERS.

J. Gravier to the defendant, and by him endorsed to the witness; that the note now sued on, was to be paid only in case of failure, to collect the amount from Young and Gravier, whose note he also put into the hands of the plaintiff.

Before pronouncing any opinion on the final judgment rendered by the district court, it is proper to state that we think that court erred in annulling the order for bail, and the bond thereon taken, because to our view, the affidavit is sufficiently certain.

On the merits of the case, as disclosed by the whole evidence, we are of opinion that they are such as to require it to be remanded for a new trial; in order that some further account may be given of the note of Young and Gravier, &c.

It is therefore ordered, adjudged and decreed, that the judgment of the court below, be avoided, annulled and reversed, and that the order for bail and bail bond be reinstated, and that the cause be remanded to said court, to be tried anew, and that the appellee pay costs of this appeal.

*Dumoulin* for the plaintiff, *Preston* for the defendant.